UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Radius A. Brown,** | ) CASE NO. 1: 15 CV 381 |
| Plaintiff, | ) JUDGE PATRICIA A. GAUGHAN |
| v. | ) |
| | ) **Memorandum of Opinion and Order** |
| **Daniel J. McCandless,** *et al.*, | ) |
| Defendants. | ) |

**Introduction and Background**

*Pro se* plaintiff Radius A. Brown, a state prisoner incarcerated in Northeast Ohio Correctional Institution, has filed this federal civil rights action pursuant to 42 U.S.C. § 1983 against Cleveland Police Officers Daniel S. McCandless and Robert S. Martin, Cleveland Police Detective Joseph Williams, Cuyahoga County Prosecutor Andy Nichol, Cuyahoga County Court of Common Pleas Judge David T. Matia, and the plaintiff's former criminal defense lawyer, William L. Tomson. The plaintiff alleges the defendants conspired to convict him of a "false" criminal offense in state court.

He alleges that in 2006, Officer McCandless falsely charged him "with an offense he did not commit" and "wrote a fabricated police report to support the facts of the offense." McCandless then allegedly conspired with the courts and the plaintiff's attorney "in convicting [him] in the [false] offense." (Complt., ¶ 1.) Officer Martin allegedly consented to McCandless's false report and "conspired with the courts and plaintiff's attorney in convicting [him]"; Detective Williams allegedly "consented with" McCandless's and Martin's false statement in charging him, and "fabricated his own police report to help pursue the charges in

the offense." (*Id*., ¶¶ 2, 3.)

The plaintiff alleges his attorney Tomson "conspired with the Cleveland Police and the Prosecutor Andy Nichol in convicting [him]," "fed [him] false information," "coerced [him] into accepting a bogus plea, and hid substantial evidence from [him]." (*Id*., ¶ 4.) He alleges Prosecutor Nichol "help[ed] the police and the courts in charging and convicting [him] in [the] false offense[]," and Judge David T. Matia "sentenced [him] to a false offense" and "conspired with the prosecutor, the Cleveland Police, and [his] attorney." (*Id*., ¶¶5-6.)

The plaintiff does not allege any specific constitutional violation or violations he contends the defendants committed, but he seeks damages for "lost time, emotional distress, pain and suffering, and harassment," and asks this Court "to vacate the state sentence that was [imposed] on him." (Complt., Prayer for Relief.)

The plaintiff's complaint is dismissed for the reasons stated below.

**Analysis**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts are required under 28 U.S.C. § 1915(e)(2)(B) to dismiss *sua sponte* any *in forma pauperis* action the court finds is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, 28 U.S.C. § 1915A requires district courts to dismiss summarily before service any complaint in which a prisoner seeks relief from officers or employees of a governmental entity that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune.

*See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

The plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for multiple reasons.

First, to the extent the plaintiff asks the Court for an order vacating his state-court criminal conviction because it was obtained in violation of his rights under the Constitution, his civil rights action under § 1983 fails to state a cognizable claim.  "The proper vehicle to challenge a [state] conviction is through the state's appellate procedure and, if that fails, habeas relief under 28 U.S.C. § 2254."  *Jackim v. City of Brooklyn*, No. 1: 05 CV 1678, 2010 WL 4923492, at *4 (N.D. Ohio November 29, 2010).  A prisoner may not use a civil rights action as an alternative to a petition for a writ of habeas corpus to challenge the legality of his confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 489-900 (1973).  Further, under the *Rooker-Feldman* doctrine, federal district courts lack subject-matter jurisdiction to review state court judgments, as only the United States Supreme Court has jurisdiction to correct state court judgments.  *See, e.g., Blackburn v. Jansen*, 241 F. Supp. 2d 1047, 1049, n. 2 (D. Neb. 2003) ("insofar as the plaintiff seeks in this case to challenge his conviction for a domestic-violence misdemeanor, the '*Rooker–Feldman* doctrine' bars this court from correcting a state court judgment, and no relief is available in this court to do so").

Second, to the extent the plaintiff seeks money damages arising from his allegedly unlawful state-court conviction pursuant to § 1983, his action is barred by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).  *Heck* held that a plaintiff may not pursue a § 1983 damages claim arising out of an allegedly unlawful conviction or sentence unless and until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Until such time, a cause of action under § 1983 is not cognizable. Nothing in the plaintiff's complaint suggests that the state criminal conviction of which he complains has been called into question or invalidated as articulated in *Heck*. Accordingly, the plaintiff has failed to state a cognizable claim for money damages under § 1983.

Third, even if the plaintiff's § 1983 claims were not barred by *Preiser* and *Heck*, the statute of limitations for claims under § 1983 is the two-year statute set forth in Ohio Revised Code § 2305.10. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). The statute begins to run when a plaintiff has reason to know of his injury or should have discovered it with reasonable diligence. *See Ruff v. Runyon*, 258 F.3d 498, 500-01 (6th Cir. 2001). The plaintiff filed this action on February 27, 2015; however, the allegations in his complaint do not on their face suggest he is complaining of conduct that occurred within two years before he filed his lawsuit. To the contrary, the facts plaintiff sets forth indicate he is complaining of conduct that took place, and of which he was aware, in 2006. Thus, on the basis of the allegations set forth in the plaintiff's complaint, any § 1983 claim he purports to assert is time-barred.

Fourth and finally, the plaintiff sues defendants who are immune from a suit for damages, or who cannot be sued, under § 1983. The Supreme Court has clearly held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Therefore, Prosecutor Nichol is immune. In addition, it is well-settled that judges generally are absolutely immune from civil suits for money damages, including suits brought under Section 1983, unless their actions are taken in a non-judicial capacity or in the complete absence of all jurisdiction.

-4-

*Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997). The plaintiff alleges no facts in his complaint supporting a plausible exception to absolute judicial immunity; therefore, Judge Matia is entitled to absolute immunity. Finally, "[i]t is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983." *Jordan v. Kentucky*, No. 3: 09 CV 424, 2009 WL 2163113, at *4 (6th Cir. July 16, 2009), citing *Polk County v. Dodson*, 454 U.S. 312 (1981). Accordingly, the plaintiff cannot assert a § 1983 claim against his criminal defense lawyer.

## Conclusion

For all of the reasons stated above, the plaintiff's complaint fails to state a claim on which relief may be granted under § 1983 and is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1] The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                 /s/ Patricia A. Gaughan
                                                 PATRICIA A. GAUGHAN
                                                 United States District Judge

Dated: 7/22/15

---

[1] The Court would not exercise supplemental jurisdiction over any state-law claim the plaintiff may also purport to assert in the case in the absence of a viable federal claim.